905 F.2d 1530
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bruce MILLER, Plaintiff-Appellant,
v.
GE GOVERNMENT SERVICES, GE COMPANY, Defendant-Appellee.
 No. 89-2186.
 United States Court of Appeals, Fourth Circuit.
 Argued April 4, 1990.
Decided May 14, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Paul V. Niemeyer, District Judge. (CA-87-893-PN)
 Mercedes Casado Samborsky, Joppatowne, Maryland, for appellant.
 Steven Ellis Bers, Whiteford, Taylor & Preston, Baltimore, Md. (argued), for appellee; Meryl D. Burgin, Marc Seldin Rosen, Anthony Teelucksing, Whiteford, Taylor & Preston, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, SPROUSE, Circuit Judge, and REBECCA BEACH SMITH, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 This action arises from the termination of employment of Bruce Miller by his employer, RCA Corporation ("RCA/GE").[1] Miller brought suit in the Circuit Court for Maryland, Baltimore City, alleging (1) his termination was a wrongful discharge under the laws of Maryland, (2) defamation in its communication to potential employers, and (3) employment discrimination in violation of 42 U.S.C. Sec. 1981. By petition, the case was removed to the United States District Court for the District of Maryland.
 
 
 2
 On May 25, 1989, the district court granted partial summary judgment for RCA/GE on Miller's state claims for wrongful discharge and defamation. Subsequent to the Supreme Court's decision in Patterson v. McLean Credit Union, 491 U.S. ----, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), the court also granted summary judgment on Miller's section 1981 claim, thereby disposing of the action. After carefully reviewing the briefs of counsel and hearing oral arguments, we have satisfied ourselves concerning the facts of the case and the applicable law. For the reasons expressed by the district court and reemphasized below, we affirm its granting of summary judgment for the defendants on all claims.
 
 
 3
 An action for wrongful discharge in Maryland arises when an employer's motivation for terminating an employee "violates a clear mandate of public policy." Parlato v. Abbott Laboratories, 850 F.2d 203, 205 (4th Cir.1988); Adler v. American Standard Corp., 291 Md. 31, 47, 432 A.2d 464, 473 (1981). It is well established, however, that a claim for wrongful discharge cannot be based upon an underlying public policy against discrimination otherwise proscribed by statute. See, e.g., Parlato, 850 F.2d at 205-06; Glezos v. Amalfi Ristorante Italiano Inc., 651 F.Supp. 1271 (D.Md.1987); Makovi v. Sherwin-Williams Co., 316 Md. 603, 561 A.2d 179 (1989). As explained by the Maryland Court of Appeals:
 
 
 4
 In cases of discharge motivated by employment discrimination prohibited by Title VII and Art. 49B, the statutes create both the right, by way of an exception to the terminable at-will doctrine, and remedies for enforcing that exception. Thus, the generally accepted reason for recognizing the tort, that of vindicating an otherwise civilly unremedied public policy violation, does not apply. Further, allowing full tort damages to be claimed in the name of vindicating the statutory public policy goals upsets the balance between right and remedy struck by the Legislature in establishing the very policy relied upon.
 
 
 5
 Makovi, 316 Md. at 626, 561 A.2d at 190. Therefore, RCA/GE was entitled to a judgment as a matter of law, and summary judgment on Miller's wrongful discharge was proper.
 
 
 6
 The elements of the Maryland tort of defamation are as follows:
 
 
 7
 (a) a false and defamatory statement concerning another;
 
 
 8
 (b) an unprivileged publication to a third party;
 
 
 9
 (c) fault amounting to at least negligence on the part of the publisher; and
 
 
 10
 (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.
 
 
 11
 DeLeon v. St. Joseph Hospital Inc., 871 F.2d 1229, 1236 (4th Cir.) (citing Restatement (Second) of Torts Sec. 588, at 155 (1977)), cert. denied, 493 U.S. ----, 110 S.Ct. 87, 107 L.Ed.2d 52 (1989). In the present case, the district court correctly found that there was no evidence of publication except within RCA/GE itself, which was privileged. Therefore, there is no genuine issue of material fact in this claim and summary judgment was also proper.
 
 
 12
 With regard to his section 1981 claim, Miller has not presented any evidence that he was denied access to any process to which white employees were afforded. He never requested any internal appeal or attempted to make such a request. Moreover, uncontradicted evidence shows that Miller received a copy of company procedures only three weeks before his termination. Because there is no evidence that employees of other races received any benefits not available to him, summary judgment on this issue was also appropriate.
 
 
 13
 Finally, Miller also alleges that RCA/GE violated discovery rules and fraudulently concealed relevant information. We find no merit to these contentions.
 
 
 14
 All things considered, the decisions of the district court are
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 The named defendant in this case, GE Company, is the successor in interest to RCA Corporation